JS-6

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
LUCAS E. ROWE
California Bar Number Pending
Special Assistant United States Attorney
Asset Forfeiture Section
    United States Courthouse
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-7177
    E-mail:  lucas.rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FIVE ALL-TERRAIN VEHICLES, ET AL,<br><br>    Defendants.<br><br>Larry Sorenson, Jan Sorenson, Sydney Sorenson, Susan Hammatt, Christopher Hammatt and Morris Cerullo World Evangelism, Inc.,<br><br>    Claimants. | No. ED 14-CV-00004-JGB(DTBx)<br><br>**CONSENT JUDGMENT** |

IT IS HEREBY STIPULATED AND AGREED by and among plaintiff United States of America; pro se claimants Larry Sorenson, Jan Sorenson and Sydney Sorenson (collectively, the "Sorensons"); Susan Hammatt and Christopher Hammatt (collectively, the "Hammatts"); and claimant Morris Cerullo World Evangelism, Inc. ("MCWE"), as follows:

On January 2, 2014, plaintiff United States of America (hereafter, "plaintiff" or "government") filed a Verified Complaint for Forfeiture (the "Complaint") alleging that the defendants were subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).  Notice was given and published according to law.  The defendants are:

1.   One 2004 Polaris All-Terrain Vehicle (VIN: 4XACH50AX4A308750) registered in the name of Christopher Hammatt;

2.   One 2013 Polaris Touring All-Terrain Vehicle (VIN: 4XADN8EA2DA563612) registered in the name of Christopher Hammatt;

3.   One 2007 Polaris Touring All-Terrain Vehicle (VIN: 4XATN76A17A222291) registered in the name of Christopher Hammatt;

4.   One 2012 Polaris All-Terrain Vehicle (VIN: 4XATN55A4CA539739) registered in the name of Christopher Hammatt;

5.   One 2012 Polaris All-Terrain Vehicle (VIN: 4XAUH9EA7DB623603) registered in the name of Christopher Hammatt;

  6. One 2012 Polaris trailer (VIN: 5WFBE1622CW018468) registered in the name of S&H Partners, LLC;

  7. One 2013 Yamaha snowmobile (VIN: JYE8HY008DA003989) registered in the name of S&H Partners, LLC;

  8. One 2013 Yamaha snowmobile (VIN: JYE8HY006DA004641) registered in the name of S&H Partners, LLC;

  9. One 2013 Polaris snowmobile (VIN: SN1CH8GS7DC759918) registered in the name of S&H Partners, LLC;

  10. One 2013 Polaris snowmobile (VIN: SN1CH8GS7DC759919) registered in the name of S&H Partners, LLC;

  11. One 2013 Polaris snowmobile (VIN: SN1CG6GS9DC755748) registered in the name of S&H Partners, LLC;

  12. One 2013 Ford F-150 (VIN: 1FTFW1ET3DFA06038) registered in the name of Christopher Hammatt and Susan Hammatt;

  13. One 2010 Mercedes-Benz S400 (VIN: WDDNG9FB2AA317908) registered in the name of Christopher Hammatt;

  14. One 2012 Ford F-150 Raptor (VIN:1FTFW1R67CFC12286) registered in the name of Larry Sorenson;

  15. One 2005 Toyota 4Runner SUV (VIN: JTEBT14R950048386) registered in the name of Larry Sorenson; and

  16. One 2013 Toyota FJ Cruiser SUV (VIN: JTEBU4BF3DK151328), registered to Larry Sorenson and Sydney Sorenson.

  Larry Sorenson timely filed a verified claim and answer to contest the forfeiture of his interests in defendants 1-11 and 14-16. Jan Sorenson timely filed a verified claim and answer to contest the forfeiture of her interest in defendant 15. Sydney

1  Sorenson timely filed a verified claim and answer to contest the
2  forfeiture of her interest in defendant 16.  Susan Hammatt, on
3  behalf of Christopher Hammatt as personal representative, timely
4  filed a verified claim and answer to contest the forfeiture of
5  Christopher Hammatt's interests in defendants 15, 7, 9, and 12-
6  13.  Susan Hammatt timely filed a verified claim and answer to
7  contest the forfeiture of her interests in defendants 12 and 13.
8  MCWE timely filed a verified claim and answer to contest the
9  forfeiture of its interests in defendants 1-13.  No other claims
10 or answers have been filed in this action, and the time for
11 filing claims and answer has expired.
12      The government, the Sorensons, Hammatts and MCWE have
13 agreed to settle this action and have asked the Court to enter
14 this Consent Judgment.
15 //
16 //

       The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties,

       HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

       1.   This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

       2.   The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C).

       3.   Notice of this action has been given and published as required by law.

       4.    The United States shall return the defendant 2012 Ford F-150 Raptor and the defendant 2013 Toyota FJ Cruiser to Larry Sorenson according to paragraph 9 below.

       5.   The United States shall return the defendant 2013 Ford F-150 truck and the defendant 2010 Mercedes-Benz S400 to Susan Hammatt according to paragraph 9 below.

       6.   The Sorensons, jointly and severally, shall pay the sum of $3,000.00, towards the costs and expenses incurred by the United States Secret Service for the storage of the defendants.

       7.   The Hammatts, jointly and severally, shall pay the sum of $3,000.00, towards the costs and expenses incurred by the United States Secret Service for the storage of the defendants.

       8.   The United States Secret Service shall cause the remaining defendants (the assets other than those identified in paragraphs 4 and 5 above) to be offered for sale at public auction.  The funds generated by the sale of the remaining

defendants will be distributed in the following priority to the extent such amounts are available:

    a. First, to the United States Secret Service for any remaining costs and expenses incurred in seizing, storing and selling the remaining defendants;

    b. Second, to the extent sufficient sale funds are available, to MCWE, c/o of its counsel, Galuppo & Blake, A PLC, attn.: Andrew Hall, 2792 Gateway Road, Suite 102, Carlsbad, California 92009, in an amount not to exceed $5,200,000.00; and

    c. Third, the balance to the government.

9. Within thirty days of full payment of the costs and expenses described in paragraphs 6 and 7, the United States Secret Service shall make the property identified in paragraphs 4 and 5 available to the Sorensons and Hammatts, respectively, or their designees, at the storage facility where the property is stored. The Sorensons and Hammatts shall provide identification documentation, and shall sign all releases required by the Secret Service prior to, or concurrently with, the release of the property.

10. The Court finds the claimants, either individually or collectively, did not substantially prevail in this action within the meaning of 28 U.S.C. § 2465, and each of the parties hereto shall bear its own attorneys' fees and costs. This judgment shall constitute a certificate of reasonable cause within the meaning of 28 U.S.C. § 2465(a)(2).

11. There being no just reason for delay, the clerk is hereby directed to enter this consent judgment, which

constitutes a final judgment resolving this action as to all of the parties hereto, and all other potential claimants.

    12.  The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this Consent Judgment.

**IT IS SO ORDERED.**

DATED: December 1, 2014

_____
THE HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties hereto consent to the above judgment and waive any right of appeal of this judgment.

This consent judgment may be signed in counterparts and shall be construed as a single document.

DATED: _____   STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
LUCAS E. ROWE
Special Assistant United States Attorney

DATED: _____   GALUPPO & BLAKE, A PLC

_____
ANDREW HALL, ESQ.
Attorney for Claimant, MCWE

DATED: _____

_____
LARRY SORENSON, Pro Se

DATED: _____

_____
JANNETTE SORENSON, Pro Se

DATED: _____

_____
SYDNEY SORENSON, Pro Se

## CONSENT

The parties hereto consent to the above judgment and waive any right of appeal of this judgment.

DATED: _____

_____
SUSAN HAMMATT, Pro Se

DATED: _____

_____
SUSAN HAMMATT on behalf of CHRISTOPHER HAMMATT, As Personal Representative